USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Denys Nikonov,

        Plaintiff,

-against-

Flirt NY, Inc., et al.,

        Defendants.

1:19-cv-07128 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Defendants' partial motion to dismiss, pursuant to Rule 12(b)(6). (Defs.' Not of Mot., ECF No. 55.) Specifically, Defendants seek to dismiss Plaintiff's Eighth Cause of Action for disability discrimination under the New York State Human Rights Law ("NYSHRL") (Compl., ECF No. 1, ¶¶ 139-46) and Ninth Cause of Action for disability discrimination under the New York City Human Rights Law ("NYCHRL").[1] (*Id*. ¶¶ 147-54.) For the reasons stated below, Defendants' motion is DENIED.

At the outset, the Court notes that Defendants' motion is procedurally improper. Defendants filed their motion in April 2021, pursuant to Rule 12(b)(6), in circumstances where they already had filed an Answer in November 2019. (*See* Answer, ECF No. 25.) A Rule 12(b)(6) motion is "made before pleading." *See* Fed. R. Civ. P. 12(b). However, the Court construes Plaintiff's motion as a motion for judgment on the pleadings, pursuant to Rule 12(c), and thus will consider the motion on its merits. *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d

---

[1] Defendants also sought to dismiss "class action status as to all causes of action." (*See* Defs.' Not. of Mot.) However, Plaintiff has not moved for class certification and states that he will not do so. (*See* Opp. Mem., ECF No. 56, at 9.)

123, 124 (2d Cir. 2001) (district court may consider "an untimely Rule 12(b)(6) pre-answer motion to dismiss as a [Rule] 12(c) motion for judgment on the pleadings").

Defendants argue that Plaintiff's Eighth and Ninth Causes of Action under the NYSHRL and the NYCHRL for discrimination on the basis of disability (migraines and swollen feet) are barred by Plaintiff's having sought workers' compensation benefits for workplace-related injuries (to his feet, back and ankles). (*See* Defs.' Mem., ECF No. 55-7, at 3-7.) However, while one who receives workers' compensation benefits for accidental workplace-related injuries may not seek other recovery from his employer for such injuries, there is no bar to his seeking recovery for intentional wrongs, such as discrimination. *See*, *e.g.*, *Searight v. Doherty Enterprises, Inc.*, No. 02-CV-00604 (SJF) (AKT), 2006 WL 8441332, at *8 (E.D.N.Y. July 5, 2006) ("[I]t is well-established that the workers' compensation exclusivity doctrine does not preclude discrimination claims under the NYHRL.").[2]

Accordingly, Defendant's motion to dismiss (ECF No. 55) is DENIED. The parties shall appear for a remote final pretrial conference on May 26, 2021 at 11:00 a.m. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:   New York, New York
         May 17, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] The Court rejects Defendants' argument that Plaintiff's Eighth and Ninth Causes of Action are not plausibly alleged since Defendants do not even deign to set forth the elements of such causes of action, let alone why those elements have not been adequately pled. (*See* Defs.' Mem. at 7-8.)