UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Denys Nikonov,

                Plaintiff,

-against-

Flirt NY, Inc., et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2021

1:19-cv-07128 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Defendants' Letter Motion "seeking permission to issue four (4) subpoenas for production of employment documents to former employers of plaintiff both before and after his employment with [Defendants]." (Defs.' Ltr. Mot., ECF No. 70.) For the reasons stated below, Defendants' Letter Motion is DENIED.

**BACKGROUND**

On July 30, 2019, Plaintiff Denys Nikonov ("Nikonov") filed his Complaint in this action against his former employer, Defendants Flirt Ny Inc. d/b/a Flirt Beauty Boutique, Violeta Chulpayev and Ariel Chulpayev (collectively, "Defendants"), asserting claims under the Fair Labor Standards Act and the New York Labor Law ("NYLL") for failure to pay the minimum wage, failure to pay for overtime work and failure to pay the spread of hours premium; claims under the NYLL for failure to provide wage notices and statements; and claims under the New York State and City Human Rights Laws for disability discrimination. (Compl., ECF No. 1, ¶¶ 88-154.) On April 30, 2020, the Court entered a Case Management Plan setting September 30, 2020 as the deadline for completion of fact discovery. (Case Mgt. Plan, ECF No. 38.) No extension of the discovery deadline was sought by Defendants.

By their Letter Motion, Defendants seek leave to serve document subpoenas on four of Nikonov's former employers, *i.e.*, Bon Bon Salon, Matti Hair Salon, Sophistique Beauty Salon and Eksprovocator Hair Club (the "Former Employers").[1] (*See* Subpoenas, ECF No. 70-1.) In each of the subpoenas, Defendants seek the production of "all records of employment of plaintiff." (*Id.*) Nikonov opposes Defendants' Letter Motion. (*See* Pl.'s Ltr. Resp., ECF No. 71.)

## LEGAL STANDARDS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b)(4) "good cause" inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment. *See Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007) (citation omitted). The burden of demonstrating good cause rests with the movant. *See Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation omitted).

## APPLICATION

The Court finds that Defendants have not demonstrated good cause for their failure to serve subpoenas on the Former Employers prior to the expiration of the discovery deadline. The reason given by Defendants for their failure to timely serve the subpoenas appears to be that they became aware of the need for the subpoenas when they took Plaintiff's deposition on September 29, 2020. (*See* Defs.' 5/25/21 Ltr. #2 ("While the factual discovery cut off date was

---

[1] Defendants previously had issued the subpoenas on May 25, 2021 (*see* ECF Nos. 63-66), but withdrew them the same day. (*See* Defs.' 5/25/21 Ltr. #1, ECF No. 67.) Again, the same day, Defendants filed a letter stating that he could issue his subpoenas "as trial subpoenas once trial is set," but that he would be seeking leave now "to limit the inconvenience to [t]he former employe[r]s." (*See* Defs.' 5/25/21 Ltr. #2, ECF No. 68.)

9/30/2020, plaintiff's deposition was not conducted until 9/29/2020 and it was his testimony at said deposition that lead [*sic*] to said requests.").) Defendants offer no justification for their waiting another eight months to serve the subpoenas, and there is none.[2]

To the extent that Defendants are treating the post-discovery subpoenas as trial subpoenas, the Court finds that they are not properly served. "Trial subpoenas are appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." *Revander v. Denman*, No. 00-CV-01810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004). "However, when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Id*. (citing *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)).[3]

## CONCLUSION

For the foregoing reasons, Defendants' Letter Motion is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         June 4, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] Nor do Defendants provide any explanation—*e.g.*, by identifying specific testimony—to make credible their conclusory claim that Plaintiff's deposition "led" them to request the subpoenas issued to Bon Bon Salon, Matti Hair Salon and Sophistique Beauty Salon, each of which Plaintiff had identified as a former employer months earlier, in interrogatory responses dated June 30, 2020. (*See* Pl.'s Ltr. Resp. at 3.)

[3] As an independent basis for denying Defendants leave to serve the subpoenas, the Court finds that the subpoenas, as drafted, are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Requests to the Former Employers for "all records" of Plaintiff's employment constitute a fishing expedition.