UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Denys Nikonov,

                        Plaintiff,

-against-

Flirt NY, Inc., et al.,

                        Defendants.

1:19-cv-07128 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Douglas Brian Lipsky ("Lipsky") and Milana Dostanitch ("Dostanitch") of the law firm Lipsky Lowe LLP (collectively, "Plaintiff's Counsel"), pursuant to Local Civil Rule 1.4, for leave to withdraw as counsel for Plaintiff Denys Nikonov ("Plaintiff" or "Nikonov"). (Pl.'s Counsel's 8/19/21 Mot., ECF No. 82 (redacted),[1] ECF No. 84 (unredacted).)[2] For the reasons stated below, Plaintiff's Counsel's motion is GRANTED.

**BACKGROUND**

On July 30, 2019, Nikonov filed his Complaint in this action against his former employer, Flirt Ny Inc. d/b/a Flirt Beauty Boutique, as well as that company's owner-operators, Violeta Chulpayev and Ariel Chulpayev. (Compl., ECF No. 1, ¶¶ 1, 10-11.) He asserts claims under the Fair Labor Standards Act and the New York Labor Law ("NYLL") for failure to pay the minimum wage, failure to pay for overtime work and failure to pay the spread of hours premium; claims under the NYLL for failure to provide wage notices and statements; and claims under the New York

---

[1] Due to a filing error, ECF No. 82 later was refiled at ECF No. 90.

[2] By Order dated August 20, 2021, the Court accepted the filing of ECF No. 84 under seal.

State and City Human Rights Laws for disability discrimination. (*Id.* ¶¶ 88-154.) On April 30, 2020, the Court entered a Case Management Plan setting September 30, 2020 as the deadline for completion of fact discovery. (Case Mgmt. Plan, ECF No. 38.) No extension of the discovery deadline was sought, and this action is trial ready.[3]

On August 19, 2021, Plaintiff's Counsel filed the instant motion to withdraw. (*See* Pl.'s Counsel's 8/19/21 Mot.) In support of the motion, Plaintiff's Counsel filed under seal an affidavit from Dostanitch, dated August 19, 2021. (*See* Dostanitch Aff., ECF No. 89.) On September 2, 2021, Nikonov sent by email to Lipsky his response to the motion to withdraw, which Lipsky filed under seal on the ECF docket. (*See* Pl.'s 9/2/21 Resp., ECF No. 92.) On September 10, 2021, Plaintiffs' counsel filed their reply. (Pl.'s Counsel's Reply, ECF No. 94 (redacted), ECF No. 93 (unredacted).)[4]

## LEGAL STANDARDS

Withdrawal of counsel is governed by Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

S. & E.D.N.Y. Local Civ. R. 1.4.

---

[3] A Joint Pretrial Order ("JPTO") had been due to be filed by the parties, but the Court extended the deadline for filing the JPTO so that Plaintiff's Counsel could file their anticipated motion to withdraw. (*See* 8/12/21 Mem. End., ECF No. 81.)

[4] The Court accepts the various filings made under seal in connection with the pending motion (*see* 8/20/21 Order, ECF No. 87) in order to preserve the confidentiality of the attorney-client relationship between Plaintiff and his counsel. *See Thekkek v. LaserSculpt, Inc.*, No. 11-CV-04426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012).

Satisfactory reasons for withdrawal include, for example, an acrimonious relationship developing between the law firm and the plaintiff, *see Munoz v. City of New York*, No. 04-CV-01105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008), and the existence of an irreconcilable conflict between attorney and client. *See Griffin v. Norweigan Cruise Line, Limited*, No. 01-CV-09755 (PKL), 2002 WL 500375, at *1 (S.D.N.Y. Apr. 3, 2002)*.* Ultimately, the decision "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *S.E.C. v. Gibraltar Glob. Secs., Inc.*, No. 13-CV-02575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) (internal quotation marks and citations omitted).

## APPLICATION

Plaintiff's Counsel seeks to withdraw based upon, among other things, insults, foul language and accusations of unprofessional behavior that they allege Nikonov has directed at them.[5] (*See* Pl.'s Counsel's 8/19/21 Mot. at 2.) In his response, Nikonov admits to speaking with Dostanitch "in a raised tone and not quite correctly" and to "scold[ing his] lawyers." (*See* Pl.'s 9/2/21 Resp.) The Court thus finds that an acrimonious relationship has developed between Plaintiff's Counsel and Nikonov. In addition, the record reflects irreconcilable differences between Plaintiff's Counsel and Nikonov. Thus, having carefully considered the submissions made by Plaintiff's Counsel and Nikonov, the Court, in its discretion, finds that Plaintiff's Counsel has made a showing of satisfactory reasons for withdrawal.

---

[5] Plaintiff's Counsel has advised the Court that they are not seeking to enforce a charging lien or a retaining lien.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Counsel's motion to withdraw is GRANTED. No later than September 17, 2021, Plaintiff's Counsel shall serve a copy of this Opinion and Order upon Nikonov and shall file proof of service. Upon the filing of such proof of service, the Court shall instruct the Clerk of Court to terminate Lipsky and Dostanitch as counsel of record in this action.

Plaintiff's Counsel promptly shall deliver to Nikonov all the papers in the case so that Nikonov can attempt to obtain representation by another lawyer. No later than November 5, 2021, Nikonov shall file a letter with the Court indicating whether he has decided to proceed *pro se*, that is, to represent himself without a lawyer. If he will proceed *pro se*, then his letter shall provide the address at which service of papers can be made on him. If he will be represented by new counsel, then such counsel shall file a notice of appearance no later than November 5, 2021. If the above information is not filed by November 5, 2021, the Court may dismiss this case for failure to prosecute, in which event Nikonov will have no trial.

Nikonov is urged to consult with Pro Se Office of the Court for information about Court procedures. Nikonov may contact the Pro Se Office at (212) 805-0175 during normal business hours, 8:30 a.m. to 5:00 p.m., Monday to Friday (except federal holidays).

**SO ORDERED.**

Dated:   New York, New York
         September 14, 2021

_____
STEWART D. AARON
United States Magistrate Judge