```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Denys Nikonov,

                Plaintiff,

-against-

Flirt NY, Inc., et al.,

                Defendants.

1:19-cv-07128 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Defendants' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Defs.' 3/14/22 Not. of Mot., , ECF No. 115).[1] For the reasons set forth below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

In this trial-ready case, Plaintiff brings wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants (First through Seventh Causes of Action) and also brings claims for disability discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") (Eighth and Ninth Causes of Action). (Compl., ECF No. 1, ¶¶ 88-154.) Defendants now seek dismissal of the FLSA claims and request that the Court decline to exercise supplemental jurisdiction over the NYLL, NYSHRL and NYCHRL claims. (See Defs.' Mem., ECF No. 116, at 3-7.)

---

[1] Defendants styled their motion as one "for summary judgment and/or to dismiss Plaintiff's complaint;" however, since Defendants present matters outside the pleadings, Defendants' motion shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

**LEGAL STANDARDS**

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs. L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also Gallo*, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

**DISCUSSION**

**I.     FLSA Claims**

Plaintiff's First and Third Causes of Action assert claims under the FLSA. (*See* Compl. ¶¶ 88-96, 108-19.) Defendants seek dismissal of these claims on the ground that Plaintiff "has failed to meet his burden of proof under [the] FLSA." (*See* Defs.' Mem. at 3.) Employees qualify for the FLSA's minimum wage and overtime requirements if (1) in any workweek the employee is "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) the employee "is employed in an enterprise engaged in commerce or in the production of goods

for commerce" (enterprise coverage). 29 U.S.C. §§ 206(a), 207(a)(1). The FLSA defines "enterprise engaged in commerce" as a business that (1) has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an annual gross revenue of at least $500,000. *See* 29 U.S.C. § 203(s)(1)(A).

Defendants argue that neither individual or enterprise coverage exists and that Plaintiff has failed to raise a triable issue as to whether Defendants had at least $500,000 in annual revenue. (*See* Defs.' Mem. at 3-4.) Defendants point to a 2019 tax return that was not produced during discovery which shows gross sales in the amount of $283,300.00. (*See id*. at 4.)

Plaintiff, in turn, argues that the first prong of enterprise coverage exists because he "handled, sold, and otherwise worked with beauty products and supplies that moved in interstate commerce." (*See* Pl.'s Opp. Mem., ECF No. 120, at 3.) Based upon its review of the record, the Court agrees. Plaintiff also argues that genuine issues of material fact exist regarding Defendants' annual revenues. (*See id*. at 3-7.) Again, the Court agrees. Plaintiff's Affidavit states that Defendants had three to five hair stylists working on any given day; that the average price of hair styling services was $300; that the average stylist completed at least three styling services per day; and that the business was open seven days a week. (Nikonov 3/22/22 Aff., ECF No. 119-1, ¶¶ 4-5, 7.) Accordingly, drawing all reasonable inferences in Plaintiff's favor, hair styling services alone would have resulted in more than $500,000 in annual revenue. It will be left to the jury to determine the facts, including what weight to give to Defendants' tax return and what weight to give to Plaintiff's sworn testimony.[2]

---

[2] In reply Defendants argue that "[n]othing [Plaintiff] says can be trusted." (Defs.' Reply Aff., ECF No. 122, ¶5.) However, in the context of a summary judgment motion, the Court does not assess credibility issues.

Given the existence of genuine issues of material fact regarding Plaintiff's FLSA claims, Defendants' motion for summary judgment as to the First and Third Causes of Action is denied.

## II. NYLL Claims

Plaintiff's Second, Fourth, Fifth, Sixth and Seventh Causes of Action assert claims under the NYLL. (*See* Compl. ¶¶ 97-107, 120-38.) Defendants had requested that the Court decline to exercise supplemental jurisdiction over the NYLL claims once it dismissed the FLSA claims. (*See* Defs.' Mem. at 5.) However, since the Court has declined to dismiss the FLSA claims, as set forth above, there is no basis to dismiss the NYLL claims, which arise out of the same facts.[3] Thus, Defendants' motion for summary judgment as to the Second, Fourth, Fifth, Sixth and Seventh Causes of Action is denied.

## III. NYSHRL AND NYCHRL Claims

In his Eighth and Ninth Causes of Action, Plaintiff asserts disability discrimination claims under the NYSHRL and the NYSHRL. (*See* Compl. ¶¶ 139-54.) However, the Court finds that it does not have the statutory authority to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over such claims.

"In a civil action in which it has original jurisdiction, a district court may exercise supplemental jurisdiction over 'all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

---

[3] Even if the Court had granted summary judgment in favor of Defendants on the FLSA claims, the Court would have exercised supplemental jurisdiction over Plaintiff's NYLL claims, given that this case is on the eve of trial and dismissal of those claims would not promote the values of "economy, convenience, fairness, and comity." *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (reversing district court's decision to decline to exercise supplemental jurisdiction over employees' NYLL claims on eve of trial).

the United States Constitution.'" *Thomas v. EONY LLC*, No. 13-CV-08512 (JPO), 2015 WL 1809085, at *4 (S.D.N.Y. Apr. 21, 2015) (quoting 28 U.S.C. § 1367(a)). To constitute the same Article III case or controversy, "the federal claim and state claim must stem from the same 'common nucleus of operative fact[.]'" *Id.* (quoting *Montefiore Med. Ctr. v. Teamsters Local 272,* 642 F.3d 321, 332 (2d Cir. 2011)) (ruling that wage-and-hour claims and employment discrimination claims did not form same case or controversy).

Plaintiff's disability claims relate to adverse employment actions allegedly taken by Defendants due to Plaintiff's migraines and swollen feet. (*See* Compl. ¶¶ 142-43, 150.) Such claims do not arise out of the same common nucleus of operative fact as his wage-and-hour claims.

In his opposition memorandum, Plaintiff contends that "federal courts have exercised their discretion to hear state law discrimination claims, even in the absence of any federal question," relying on *Hernandez v. PFIP, LLC*, No. 14-CV-04069 (LGS), 2015 WL 7758875 (S.D.N.Y. Dec. 1, 2015). (*See* Pl.'s Mem. at 9.) However, Plaintiff's reliance on *Hernandez* is inapposite. In *Hernandez*, plaintiff's federal claims, which gave rise to the Court's jurisdiction, were discrimination claims brought under Title VII of the Civil Rights Act of 1964. *See Hernandez*, 2015 WL 7758875, at *1. In other words, plaintiff's state law discrimination claims plainly arose out of the same common nucleus of operative fact as plaintiff's federal discrimination claims.

In the present case, by contrast, Plaintiff's federal claims are wage and overtime claims. Plaintiff's state law disability discrimination claims "simply have nothing to do with" the federal wage and overtime claims. *See Shibetti v. Z Rest., Diner & Lounge, Inc.*, 478 F. Supp. 3d 403, 408 (E.D.N.Y. 2020). In these circumstances, since supplemental jurisdiction over the state law claims

does not exist, dismissal of the state law claims is required and not discretionary. *See id.* Accordingly, Plaintiff's Eighth and Ninth Causes of Action are dismissed without prejudice due to the lack of supplemental jurisdiction.

\*     \*     \*

Given the Court's above rulings, and upon review of the parties' submissions regarding the Court's Order to Show Cause relating to unsealing certain ECF filings concerning a potential witness (*see* 3/8/22 Order, ECF No. 114), it is unclear whether the witness in question has testimony relevant to the wage and overtime claims, or was listed as a witness by Defendants solely with respect to the NYSHRL and NYCHRL claims which are being dismissed. Accordingly, the Court defers ruling on whether to unseal the Subject Portions (as defined in the 3/8/22 Order), until the Court determines if the witness in question will testify at trial. In any event, if Plaintiff chooses to re-file his NYSHRL and NYCLRL claims in New York state court, Plaintiff shall disclose the information contained in the sealed Subject Portions to the state court judge.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 115) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' motion is granted only to the extent that Plaintiff's Eighth and Ninth Causes of Action are dismissed without prejudice, and otherwise is denied.

The jury trial in this action will commence on Wednesday, May 11, 2022 at 10 a.m. in Courtroom 11C, United States Courthouse, 500 Pearl Street, New York, NY 10007. A final pre-trial conference shall be held on April 28, 2022, at 11 a.m. in Courtroom 11C. The parties shall comply

with the Court's Individual Practices regarding the deadlines to file requests to charge, proposed voir dire questions and *in limine* motions.

The Clerk of Court is respectfully requested to terminate the gavel at ECF No. 117.

**SO ORDERED.**

Dated:   New York, New York
         March 24, 2022

_____
STEWART D. AARON
United States Magistrate Judge