UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X
Denys Nikonov                                             Civ. Ac. No. 19-cv-07128(SDA)
                    Plaintiff

        -against-

Flirt NY Inc., Violetta Chulpayev and
Ariel Chulpayev
                    Defendants
―――――――――――――――――――――X


**MEMORANDUM OF LAW**

1

## TABLE OF AUTHORITIES

| | |
|---|---|
| Federal Ruke Civil Procedure 68 | 3 |
| Barfield v. N.Y.C. Health and Hosp. Corp., 537 F.3d 132, 151-52 (2d Cir. 2008) | 6 |
| C.G. v. Ithaca City Sch. Dist., 531 Fed. Appx. 86, (2nd Cir 2013) | 6 |
| Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC 688 F. Supp. 2d 216, 223 (W.D.N.Y. 2010) | 5 |
| Ferraro v. Arthur M. Rosenberg Co., 156 F.2d 212 (2d Cir. 1946) | 4 |
| Gilliam v. Montgomery Ward & Co., 912 F. Supp. 195 (E.D. Va. 1996) | 4 |
| Glenn v. Fuji Grill Niagara Falls, LLC, 2016 U.S. Dist. LEXIS 51618 (W.D.N.Y. 2016) | 4 |
| Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268 (2d Cir. 1992) | 3 |
| Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) | 4. 6 |
| Jeong Woo Kim v. 511 E. 5th St., LLC, 2016 U.S. Dist. LEXIS 162913, *1 | 5 |
| Kassim v. City of Schenectady, 415 F.3d 246, (2d Cir. 2005) | 6 |
| Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998). | 5 |
| Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) | 4 |
| Nordby v. Anchor Hocking Packaging, 199 F.3d 390 (7th Cir. 1999) | 3 |
| Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999) | 5 |
| Stanczyk v. City of New York, 990 F. Supp. 2d 242, 252 (E.D.N.Y. 2013) aff'd, 752 F.3d 273 (2d Cir. 2014) | 6 |
| Steiner v. Lewmar, Inc., 816 F.3d 26 (2d Cir. 2016) | 3 |
| Struthers v. City of New York, 2013 U.S. Dist. LEXIS 137773 (E.D.N.Y. 2013) | 7 |

## POINT I

### ACCEPTANCE OF THE RULE 68 OFFER PRECLUDES PLAINTIFF FROM SEEKING ATTORNEY'S FEES

Rule 68 is a cost-shifting rule intended to encourage settlement and avoid protracted litigation." **See, Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016)**

Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles and ambiguities will be construed against the party making the offer. **See, Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir. 1992).**

**Thus, although use of the words "attorneys' fees" is the best practice, an offer that does not use these exact words may nonetheless be unambiguous. See, Steiner v. Lewmar, supra.**

In **Nordby v. Anchor Hocking Packaging**, the 7th Circuit held that a Rue 68 offer which offered to settle the entire action for a sum certain included all claims for relief in all counts of the complaint including attorneys fees, despite the fact that there was a specific statute that provided for an award of attorneys fees. **See, Id. 199 F.3d 390 (7th Cir. 1999).**

In **Steine**r, supra, the district court denied Steiner attorneys' fees under CUTPA, concluding that judgment was entered in this case by agreement of the parties pursuant to Rule 68 of the Federal Rules of Civil Procedure without any findings having [been] made. The Court concludes that the particular circumstances of this case do not warrant an award of attorney's fees or costs under CUTPA. **See, Steiner, supra.**

The same analysis applies herein and precludes any award of attorneys fees to plaintiff.

## POINT II

3

### AMOUNT OF AN AWARD OF FEES IS DISCRETIONARY
### UNDER FLSA AND NY LAW

Award of attorney's fees to individuals prevailing under FLSA is mandatory; however, amount of award rests within sound discretion of trial court. **See, Gilliam v. Montgomery Ward & Co., 912 F. Supp. 195 (E.D. Va. 1996)**. Such award**, is not made to plaintiff's attorney, but is part of judgment recovered by employee**, to whom attorney must look for payment. **See, Ferraro v. Arthur M. Rosenberg Co., 156 F.2d 212 (2d Cir. 1946)**.A district court has discretion to determine the amount of fees that would be appropriate to satisfy a fee award. **See, Hensley v. Eckerhart, 461 U.S. 424, 437 (1983);** ("[W]e must bear in mind that the district court has wide discretion in determining the amount of attorney's fees to award; thus, absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award."). **See, Glenn v. Fuji Grill Niagara Falls, LLC, 2016 U.S. Dist. LEXIS 51618, *15-16, 2016 WL 1557751 (W.D.N.Y. 2016)**

In the within matter, we respectfully suggest thatthe Court make no award of attorneys fees.

### POINT III

### PLAINTIFF'S FEE REQUEST IS EXCESSIVE AND MUST BE DENIED OR SIGNIFICANTLY REDUCED

Both the Second Circuit and the Supreme Court have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" **See. Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)** . The application of the lodestar method in this Circuit also requires a district court, "in exercising its considerable discretion, to bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified6 as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." **See Barfield v. N.Y.C. Health and Hosp. Corp., 537 F.3d 132, 151-52 (2d Cir. 2008)**.

4

Ultimately, "**the presumptively reasonable fee is what a reasonable paying client would be willing to pay, giving that a client wishes to spend the minimum necessary to litigate the case effectively**." **See, Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC, 688 F. Supp. 2d 216, 223 (W.D.N.Y. 2010)** Emphasis added.

No client would pay an attorney $40,000 to recover $12,500.00 and that is what plaintiff is basically asking this Court to do.

The fee-seeking party bears the burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." **See, Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999)**. Such applications must be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. **See, Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)**.

In determining the proper number of hours for which counsel should be compensated in a wage-and-hour action, a district court should exclude excessive, redundant, or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims. The court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, with a view to the value of the work product of the specific expenditures to the client's case. The court must determine how much of that time was reasonably expended, based on the court's own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming the fat from a fee application. **See, Jeong Woo Kim v. 511 E. 5th St., LLC, 2016 U.S. Dist. LEXIS 162913, *1.**

As set forth in the accompanying affirmation, Defendants have numerous objections to the fee request herein and refer the Court to affirmation for the same. Based on those objections the fee allowed herein should not exceed $7,394.00.

# POINT IV

## PLAINTIFFS FEE REQUEST MUST BE REDUCED BASED ON SETTLEMENT SUM

As recognized by the Second Circuit, "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." **See, Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132 (2d Cir. 2008.)** A District Court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee, such as cases where the plaintiff only had a small degree of success." **See, C.G. v. Ithaca City Sch. Dist., 531 F. App'x 86, 88 (2d Cir. 2013)** (defining "degree of success" as "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve" "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." **Hensley, 461 U.S. at 436.** In such cases, there is "no precise rule or formula for making [a] determination[ ]" as to whether and by how much a court should adjust her fee request. **Id. at 437**.

When a settlement sum was significantly lower than the amount sought, the same was a proper basis to reduce attorneys' fees. **See, Stanczyk v. City of New York, 990 F. Supp. 2d 242, 252 (E.D.N.Y. 2013), aff'd, 752 F.3d 273 (2d Cir. 2014)**. A 65% reduction to the fees is appropriate, to reflect the limited success of Plaintiff's suit. **See, Kassim v. City of Schenectady, 415 F.3d 246, (2d Cir. 2005)** "Our circuit has thus clearly adopted the view . . . that a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's 'partial or limited success' is not restricted either to cases of multiple discrete theories in which the plaintiff won only a nominal or technical victory."); **see also C.G. v. Ithaca City Sch. Dist., 531 F. App'x at 88 (affirming district court's 80% reduction in fees)**; **Struthers v. City of New York, 2013 U.S. Dist. LEXIS 137773, 2013 WL 5407221,**

**(E.D.N.Y. 2013)** (finding "defendants' request to reduce the lodestar figure by 80% to be reasonable in light of [plaintiff]'s limited success").

## CONCLUSION

For all the reasons set forth herein, Defendants prays that the Court deny the motion in its entirety together with such other, further and different relief as the Court deems just and proper.

Dated: April 27, 2022

                                S/_____
                                Vincent M. Lentini, Esq. (VML #2955)
                                Attorney for Defendants
                                1129 Northern Blvd. Ste. 404
                                Manhasset NY 11030
                                (516) 228-3214