USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Denys Nikonov,

                Plaintiff,

-against-

Flirt NY, Inc., et al.,

                Defendants.

1:19-cv-07128 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Denys Nikonov ("Plaintiff" or "Nikonov"), pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and Rule 54(d) of the Federal Rules of Civil Procedure, for an award of attorneys' fees. (Pl.'s 4/20/22 Not. of Mot., ECF No. 128). For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On July 30, 2019, Douglas Brian Lipsky ("Lipsky") and Milana Dostanitch ("Dostanitch") of Lipsky Lowe LLP filed a Complaint in this action on behalf of Nikonov asserting wage and hour claims under the FLSA and the NYLL against Defendants, as well as claims for disability discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). (Compl., ECF No. 1, ¶¶ 88-154.) On April 30, 2020, the Court entered a Case Management Plan setting September 30, 2020 as the deadline for completion of fact discovery. (Case Mgmt. Plan, ECF No. 38.) No extension of the discovery deadline was sought, and as of September 14, 2021, discovery was complete, and this action was trial ready. (*See* 9/14/21 Order, ECF No. 95, at 2.)

By Order, dated September 14, 2021, the Court granted the motion by Lipsky and Dostanitch to withdraw as counsel for Nikonov. (*See* 9/14/21 Order at 3-4.) At the time of their withdrawal, Lipsky and Dostanitch did not seek to enforce a charging lien or a retaining lien. (*See id*. at 3 n.5.)

On December 27, 2021, Alexander Granovsky ("Granovsky") appeared as counsel of record for Nikonov. (Not. of Appearance, ECF No. 102.) On February 16, 2022, the Court granted a motion for *pro hac* admission by Melissa Skilken ("Skilken") to appear as counsel for Nikonov. (2/16/22 Order, ECF No. 108.) On February 28, 2022, the parties filed a Joint Pretrial Order ("JPTO"). (*See* JPTO, ECF No. 110.)

On March 14, 2022, Defendants filed a motion for summary judgment (Defs.' Not. of Mot., ECF No 115), to which Granovsky and Skilken responded on behalf of Nikonov on March 22, 2022. (Skilken Decl., ECF No. 119; Pl.'s Mem., ECF No. 120.) The Court granted in part and denied in part Defendants' motion for summary judgment, dismissing only Plaintiff's NYSHRL and NYCHRL claims. (3/24/22 Order, ECF No. 123, at 6.)

On April 20, 2022, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of $12,500.00 with costs then accrued. (Not. of Acceptance of Offer, ECF No. 131.) Plaintiff now seeks an award of attorneys' fees in the amount of $36,739.25. (*See* Pl.'s 4/20/22 Not. of Mot.)

## LEGAL STANDARDS

"Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020). "Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL 'if they succeed on any significant issue in

2

litigation which achieves some of the benefit the parties sought in bringing suit.'" *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A Rule 68 offer of judgment establishes that the plaintiff "is the prevailing party under the FLSA and the NYLL." *Black v. Nunwood, Inc.*, No. 13-CV-07207, 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015).

While a district court retains discretion to determine what constitutes a reasonable fee, "this discretion is not unfettered." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "[W]hen a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id*. "Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Id*. (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) and *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551 (citations omitted; emphasis in original); *see also Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011) ("The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (internal quotation marks and citations omitted).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. A reasonable rate is generally the "prevailing market rate[] for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005). In deciding what constitutes a reasonable rate, a court may consider "rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id*. "The relevant community to which the court should look is the district in which the case was brought." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citation omitted).

In calculating the reasonable number of hours expended "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). In so doing, the court "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985). Finally, "'the most critical factor' . . . 'is the degree of success obtained' by the plaintiff." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," even if the plaintiff's "claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." *Id*.

District courts have "ample discretion" in "assessing the extent of staffing" that is "appropriate for a given case." *New York State Ass'n Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (quoting *Seigal v. Merrick*, 619 F.2d 160, 164 (2d Cir. 1980)). While "[t]he use of multiple attorneys . . . is not unreasonable *per se*," *Simmonds v. New York City Dep't of Corr.*, No. 06-CV-05298 (NRB), 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) (quoting *Williamsburg Fair Housing Comm. v. Ross-Rodney Hous.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984)), courts should reduce the hours actually expended to account for "duplicative or repetitive work." *See id*.

If there is excessive or redundant billing, a court may subtract the number of excessive or "redundant hours from the amount of hours used to calculate the lodestar." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-02205 (CLP), 2012 WL 1624291, at *34 (E.D.N.Y. Apr. 30, 2012). However, "the district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Rather, it may "use a percentage deduction as a practical means of trimming fat." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *see also Carey*, 711 F.2d at 1146 (finding percentage reductions to be acceptable means for reducing fee applications).

A court should consider other case-specific variables when determining the amount of attorneys' fees to award, pursuant to the so-called *Johnson* approach, based upon the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

> limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 187 (citing *Johnson*, 488 F.2d at 717-19). "[W]hile a strict application of the *Johnson* method of calculating attorney's fees used by the Fifth Circuit is too imprecise and variable to be reliable, the twelve *Johnson* factors remain important tools for helping district courts calculate the lodestar and, in exceptional cases, determining whether an enhancement or cut to the lodestar is warranted." *Lilly v. City of New York*, 934 F.3d 222, 233 (2d Cir. 2019).

"[T]he determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation and internal quotation marks omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id*.

## DISCUSSION

**I.     Entitlement To Attorneys' Fees**

As a prevailing party, Plaintiff is entitled to recover attorneys' fees under the FLSA and the NYLL. *See Fisher*, 948 F.3d at 600. The Offer of Judgment that was accepted by Plaintiff was in the amount of $12,500.00 with costs then accrued. (*See* Not. of Acceptance of Offer at PDF p. 4.) Defendants argue that Plaintiff's acceptance of the Rule 68 Offer precludes Plaintiff from seeking attorneys' fees. (Defs.' Mem., ECF No. 136, at 3.) Defendants' argument lacks merit.

"Where the underlying statute clearly defines 'costs' to include attorney's fees, attorney's fees are considered to be included in an offer of judgement that includes 'costs' but is silent as to the treatment of attorney's fees." *Black*, 2015 WL 1958917, at *2 (citation omitted). "On the

6

other hand, when the underlying statute treats costs and attorney's fees separately, an offer of judgment providing for the payment of 'costs' alone does not include attorney's fees." *Id*. "Because costs and fees are defined separately under both the FLSA and the NYLL," attorneys' fees were not included in Defendants' Offer of Judgment, *see id.* at *4, and Plaintiff is entitled to recover attorneys' fees. Thus, the Court turns to a consideration of the reasonable attorneys' fees to be awarded.

## II. Attorneys' Fee Award

To calculate the lodestar, the Court considers the reasonable hourly rates for Granovsky and Skilken and the reasonable hours expended by them.

### A. Reasonable Hourly Rates

Granovsky is one of the founders of, and a partner at, Granovsky & Sundaresh PLLC, has been practicing since 2002 and is an experienced labor and employment attorney. (*See* Granovsky Decl., ECF No. 128-1, ¶ 7.) Plaintiff seeks an hourly rate for Granovsky of $415. Defendants do not object to this hourly rate. (*See* Lentini Aff., ECF No. 135, ¶ 14.) The Court finds the hourly rate for Granvosky to be reasonable. Courts in this district have determined that an hourly rate ranging from $300 to $400 is appropriate for experienced litigators in FLSA cases. *See Carrera v. DT Hosp. Grp.*, No. 19-CV-04235 (RA) (KHP), 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), *report and recommendation adopted*, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (collecting cases). Although Granovksy's hourly rate is "on the high end of what is typical in FLSA cases," it is still "within the range of reasonable hourly rates for similar attorneys." *See Navarro Zavala v. Trece Corp.*, No. 18-CV-01382 (ER), 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020); *Rodriguez v. 3551 Realty Co.*, No. 17-CV-06553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y Nov. 2, 2017) (finding

that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"). Thus, the Court shall apply an hourly rate of $415 for Granovsky for the reasonable hours he expended in prosecuting this case.

Skilken is counsel at Granovksy & Sundaresh PLLC, has been practicing since 1998 and is an experienced litigator. (*See* Granovsky Decl. ¶ 8.) Plaintiff seeks an hourly rate for Skilken of $365. Defendants do not object to this hourly rate. (*See* Lentini Aff. ¶ 14.) The Court finds the hourly rate for Skilken to be reasonable. *See, e.g.*, *Navarro Zavala*, 2020 WL 728802, at *2 (finding $375 to be a reasonable hourly rate for a senior associate). Thus, the Court shall apply an hourly rate of $365 for Skilken for the reasonable hours she expended in prosecuting this case.

**B. Reasonable Hours**

Based upon the billing records submitted to the Court, Granovsky billed a total of 34.9 hours and Skilken billed a total of 78.95 hours. (*See* Billing Records, ECF No. 128-1, at PDF pp. 9-16.) Defendants contend that Granovksy's hours should be reduced to 8.8 hours and Skilken's hours reduced to 10.20 hours because (1) Plaintiff's counsel's time entries are vague and contain unnecessary, duplicative block billing; (2) Plaintiff's success in this action was limited given the dismissed discrimination claims; and (3) Plaintiff's counsel only were involved in the action for less than four months following the completion of discovery. (*See* Lentini Aff. ¶¶ 2, 7-14.) The Court carefully has reviewed the time records submitted by Plaintiff's counsel, and finds that the hours for Granovsky and Skilken upon which the award of attorneys' fees is based should be reduced.

The most critical factor driving the Court's reduction of the number of hours expended by Granovsky and Skilken upon which the fee award is based is the degree of success obtained. In the JPTO, Plaintiff stated that he was seeking a total in excess of $800,000.00 at trial. (JPTO at 17.) Of that amount, less than $15,000.00 was attributed by Plaintiff to the wage and hour claims[1] and over $790,000.00 was attributed to the NYSHRL and NYCHRL wrongful termination claims which were dismissed by the Court. (*See id*.) Thus, the degree of success achieved by Plaintiff in this case[2] is relatively small, warranting a substantial reduction in hours credited. Another factor that warrants a reduction in hours (albeit modest) is the fact that some of the work performed was administrative in nature. For example, Skilken billed time to "getting [an] Affidavit notarized" and "[p]repar[ing] [a] comparison of documents." (*See* Billing Records at PDF p. 11.) These "administrative tasks should not be conducted by an attorney at their regular billing rate." *Suggs v. Crosslands Transp., Inc.*, No. 13-CV-06731 (ARR) (MDG), 2015 WL 1443221, at *12 (E.D.N.Y. Mar. 27, 2015). It is impossible to say with precision the extent to which the hours for Granovsky and Skilken should be reduced; thus the Court finds it appropriate to employ an across-the board percentage reduction in the hours expended by them.

After careful review of all the time entries, and considering other case-specific variables[3], the Court, in its discretion, makes an across-the-board reduction of 75 percent in the hours

---

[1] In his reply memorandum, Plaintiff notes that the calculation of damages attributable to the wage and hour claims as set forth in the JPTO was incorrect since an item was double-counted. (*See* Pl.'s Reply, ECF No. 137, at 3.) The gross total of damages sought by Plaintiff on his wage and hour claims was $14,853.32. (*See id*.)

[2] In his reply memorandum, Plaintiff states that "[t]he wrongful termination claims remain viable, have not been resolved, and will likely be brought in state court." (Pl.'s Reply at 3.) If and when Plaintiff prevails on such claims in any state court case, he can seek to recover attorneys' fees on those claims.

[3] *See Johnson*, 488 F.2d at 717-19.

recorded by Granovsky and Skilken.[4] In the Court's view, these reductions accomplish "rough justice." See Fox, 563 U.S at 838.

The below chart reflects a calculation of the fees to be awarded, by timekeeper:

| Name | Hourly Rate | Hours | Amount Awarded |
|---|---|---|---|
| Granvosky | $415 | 8.73 (34.9 less 75%) | $3,623.00 |
| Skilken | $365 | 19.74 (78.95 less 75%) | $7,205.00 |
| **TOTAL** | | | **$10,828.00** |

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees (ECF No. 128) is GRANTED IN PART and DENIED IN PART. In the Judgment to be entered forthwith, Plaintiff shall be awarded attorneys' fees in the amount of $10,828.00.

**SO ORDERED.**

Dated:   New York, New York
         May 6, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[4] In his motion for attorneys' fees, Plaintiff "reduced or eliminated various time entries" to account for the dismissal of the NYSHRL and NYCHRL claims. (Granovsky Decl., ECF No. 128-1, ¶ 13.) The Court finds that Plaintiff's approach, which had the effect of reducing Granovsky's hours to 30.7 and Skilken's hours to 65.75 (see Billing Records at PDF pp. 9-16), does not adequately account for the limited degree of success achieved.